SAGE STREET ASSOCIATES, 3525 Sage
Street Associates and Marvin B.
Myers, Petitioners,

v.

NORTHDALE CONSTRUCTION COM-
PANY, Robert B. Evans and Federal
Insurance Company, Respondents.

No. 94–1037.

Supreme Court of Texas.

June 28, 1996.

Rehearing Overruled Feb. 21, 1997.

Betty R. Owens, Gregory Neill Jones, David T. Harvin, Houston, for Petitioners.

Michael C. Gridley, Geoffrey H. Bracken, William M. Coats, Richard F. Greenleaf, Leslie C. Taylor, Yocel Alonso, Houston, David M. Gunn, Bellaire, Stephen G. Scholl, Houston, for Respondents.

PER CURIAM.

The only issue we address in this case is whether the court of appeals misunderstood our instructions on remand. We conclude that it did.

Northdale Construction Company contracted to build a high-rise apartment building for Sage Street Associates. Sage Street agreed to pay Northdale the lesser of its costs or $13,535,000 (plus extras). Sage Street also agreed to pay Northdale a fee of $760,000. The parties dispute whether this fee was included in the contract price or was in addition to it. Sage Street terminated Northdale before construction was completed and hired another contractor to finish the project. Sage Street contends that it paid over $15 million for the completed project.

Northdale sued for what it claimed Sage Street still owed. The jury found that Sage Street breached the contract and that the amount "due to Northdale from Sage Street pursuant to the contract for the work it performed, its overhead, and its profits, if any" was $2,491,110. The district court rendered judgment on the verdict for Northdale for that amount plus prejudgment interest. The court of appeals increased the rate of prejudgment interest and affirmed the district court's judgment as modified. 809 S.W.2d 775.

On appeal, we agreed with the court of appeals about the rate of prejudgment interest. 863 S.W.2d 438, 439–440. We also agreed that there was evidence to support the finding of breach of contract, *id.* at 442, so that that fact is now established. We then focused on the calculation of damages.

We recognized that, according to the measure of damages submitted to the jury (which might not be applicable in another case), Northdale is entitled to recover its unpaid costs, overhead and profits for work performed, *less* whatever more than the contract price it would have cost to complete the project. If the latter amount were not deducted, Northdale would be in a better position as a result of the termination than it would have been in had it completed the project.

For example, using round numbers, if Northdale was due $2 million in costs, overhead and profits for work performed, and it could have finished the project for the contract price of $13.5 million, it would be entitled to the full $2 million; but if it would have spent $15 million to complete the project, $1.5 million over the contract price, then it would be entitled to only $500,000, $2 million less the $1.5 million it would have had to spend (and presumably Sage Street must spend) to complete the project. In each case, the damages due Northdale are shown by the following calculations:

| | | | |
|---|---|---:|---:|
| 1. | Contract price | 13,500,000 | 13,500,000 |
| 2. | Amount paid Northdale | −11,000,000 | −11,000,000 |
| 3. | Cost to complete construction | − 500,000 | − 2,000,000 |
| 4. | Balance remaining under contract | 2,000,000 | 500,000 |
| 5. | Northdale's unpaid costs, etc. | 2,000,000 | 2,000,000 |
| 6. | Northdale's damages: lesser of lines 4 and 5 | 2,000,000 | 500,000 |

Sage Street's cost in both cases is the amount it contracted to pay.

The Members of the Court all agreed that this was the proper formula. We divided on the issue of who had the burden of proving the amount on line 3. The dissent argued that this was an element of the damage calculation and that Northdale had the burden. *Id.*

at 447–448. The majority reached the opposite conclusion:

> We hold that, where the owner is responsible for the contractor's incomplete performance under a cost-plus contract, proof that the cost ceiling would have been met in not part of the contractor's *prima facie* case. Since this is in the nature of a claimed credit to which the owner must prove his entitlement, Northdale's failure to offer evidence of completion cost does not bar recovery.

*Id.* at 443. It is important to note that the Court did not hold that element (3) was not part of the damage formula; rather, the Court acknowledged that it was part of the formula and assigned the burden of proof to Sage Street.

Thus, computing Northdale's damages requires two pieces of information: Northdale's unpaid costs, overhead and profits (line 5), and the amount necessary for Northdale to have completed construction (line 3). The evidence, correctly summarized by the court of appeals, is that Northdale's unpaid costs, overhead and profits were between $2,099,-388 and $1,909,979. 889 S.W.2d 400, 402. The damages found by the jury, $2,491,110, are above this range. To complete the damage calculation—and reach the $2,491,110 figure found by the jury—it must be determined, *first,* whether the parties intended to add the $760,000 fee onto the contract price, and *second,* what amount would have been necessary to complete construction (line 3). These are the two issues we instructed the court of appeals ·to determine on remand.

We held that the contract documents were ambiguous regarding treatment of the $760,-000, and that there was some evidence to support Northdale's position. We concluded that Sage Street was entitled to a review of the sufficiency of this evidence. Specifically, we said:

> Northdale's construction is necessary to sustain the verdict; without the $760,000 as a separate item, Northdale's evidence advanced at trial appears to support a maximum award of $1,999,018. [Actually, the evidence goes a little higher, as the calculations above illustrate.] However, the factual sufficiency of the evidence of

the parties' intent necessary to support Northdale's construction cannot be decided by this court, and the court of appeals must review that evidence on remand.

863 S.W.2d at 446–447.

Regarding the second issue, the excess cost of completion, we said:

> The jury was instructed to calculate damages for the construction contracts at issue based on the costs of the work performed plus overhead and profit. In answering the question, the jury was required to determine whether or not, under the contracts, profit varied with costs. In reviewing the sufficiency of the evidence to support the jury award, the court of appeals began with a total contract price, subtracted amounts already received by the contractor, then added amounts owed for utilities and spent on change orders. *It omitted from its computation the expenses avoided by the contractor by not completing the job. Whether the evidence was sufficient under the court of appeals' calculation does not establish whether the evidence was sufficient to support the damage award under the theory submitted to the jury. The court of appeals erred in failing to apply the appropriate review standard.*

863 S.W.2d at 447 (emphasis added).

On remand the court of appeals held that the evidence was factually sufficient to support a finding that Sage Street owed Northdale the $760,000 even though it did not complete the project. Thus, the court of appeals resolved the first issue, although Sage Street still complains that the $760,000 was not an add-on.

Adding $760,000 to the highest amount of unpaid costs supported by the evidence, the jury could have awarded as much as $2,859,-388, *less, however, "the expenses avoided by the contractor by not completing the job"*— that is, the excess over the contract price necessary to complete the project. The court of appeals misunderstood this Court's opinion to say that this element of damages, the second issue on remand, could be ignored:

Appellants argue that this Court must consider the costs expended by them in completing the contract, and if this figure is taken into account, the evidence will not support the jury's award. In support of their argument, they point to language in the supreme court's opinion which states that this Court omitted from its computation the expenses avoided by the contractor by not completing the job. *Sage St.*, 863 S.W.2d at 447. However, the cost to complete is not one of the factors the jury was asked to take into account when making its calculation of what Northdale was owed, if anything. *Id.* at 443 n. 9. As discussed above, the jury was asked to determine the amount owed pursuant to the work Northdale performed, its overhead, and its profit, if any. The cost to complete the contract could have figured in the amount Northdale was to receive as a profit. However, viewing the evidence in the light most favorable to the jury's verdict, we find that the cost to complete does not comprise one of the measures of Northdale's damages according to the evidence presented to the jury. Not one witness discussed cost to complete as a factor in determining Northdale's damages, and the cost to complete was discussed *only* in the context of Sage Street's recovering damages if the jury found that Sage Street was justified in terminating Northdale, which did not occur. We therefore have no need to consider cost to complete in our review of the sufficiency of the evidence to support the award *under the theory submitted to the jury.*

889 S.W.2d at 403. The court of appeals was wrong about the "theory submitted to the jury." The phrase in the jury question, "pursuant to the contract", imported the excess-cost-to-complete element. Even if that were unclear from the jury charge, it is not unclear from this Court's opinion. This Court specifically remanded the case to the CA to consider the factual sufficiency of the evidence of excess cost to complete.

Sage Street's principal testified that it spent over $4 million to complete the building after Northdale was terminated. Sage Street also offered expert testimony that the cost to complete the work Northdale had contracted to do was $2,881,520. Since Northdale's costs were slightly over $13.1 million, the total cost of construction, according to Sage Street's evidence, was between roughly $16 million and $17.1 million, substantially more than the contract price plus change orders and $760,000 fee. This Court previously held that, in the circumstances of this case, the jury could have chosen to believe Sage Street's evidence entirely, partly, or not at all. If the jury believed the evidence entirely, Northdale's damages could not have exceeded more than several hundred thousand dollars. If the jury did not believe the evidence at all, it could have awarded as much as $2,859,388. The award of $2,491,110 was thus within the range of damages the evidence would support.

The question remains, however, whether the amount found by the jury is supported by factually sufficient evidence. To find damages as the jury did, it must have concluded that Sage Street paid only about $350,000 more than the contract price (plus extras) and fee to finish the project. Since Northdale offered no evidence on this issue, the question is, in effect, whether such a conclusion would be against the great weight and preponderance of the only evidence in the case, i.e., the evidence offered by Sage Street. If the jury's conclusion was reasonable, then judgment on the verdict should be affirmed. If the jury's conclusion was unreasonable, then the case must be retried. This is the issue the Court remanded the case to the court of appeals to decide. The court of appeals expressly did not decide this issue.

Northdale does not contend otherwise. Rather, Northdale argues that because this Court held that the burden of proof of excess-cost-to-complete is on Sage Street, it was not necessary for the court of appeals to review the factual sufficiency of the evidence. Specifically, Northdale argues:

"[P]roof that the cost ceiling would have been met is not part of the contractor's *prima facie* case." 863 S.W.2d at 443. Cost of completion was not part of Northdale's burden of proof. Cost of completion was not an element under the damages issue the jury was asked. *See* 863 S.W.2d at 443 n. 9. Cost of completion is not,

therefore, a necessary element in The Court of Appeals' review on remand. Assigning the burden of proof on the issue to Sage Street does not eliminate it from the measure of damages.

Sage Street continues to argue our prior opinion erred in holding that the $760,000 fee was in addition to the contract price, and in placing the burden of proving the cost to complete construction on Sage Street. We do not revisit these arguments.

Northdale argues that the court of appeals erred in affirming the district court's judgment without modifying it to provide prejudgment interest at the higher rate previously affirmed by this Court. We agree, although we see no need to further address Northdale's application. If the court of appeals concludes on remand that an award of damages can be sustained, it should provide for calculation of prejudgment interest at the rate we previously approved. 863 S.W.2d at 439–440. The court of appeals may also address the other arguments in Northdale's application, if necessary.

Accordingly, without hearing argument, the Court grants Sage Street's application for writ of error, reverses the judgment of the court of appeals, and remands the case to that court for further consideration consistent with today's opinion. Tex.R.App. P. 170. The application for writ of error by Northdale and others is denied.